**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-26295-RAR**

**YUNIER CONSUEGRA AGUILAR**,

Petitioner,

v.

**U.S. IMMIGRATION AND**
**CUSTOMS ENFORCEMENT**, *et al.*,

Respondents.
_________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte*. Petitioner Yunier Consuegra Aguilar filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement. *See generally id*. After careful consideration, the Court finds it cannot proceed with the Petition until Petitioner corrects the following procedural deficiency.

Petitioner must file an Amended Petition on the Court's approved form and sign the Amended Petition under penalty of perjury. Local Rule 88.2 of the United States District Court for the Southern District of Florida provides that 28 U.S.C. § 2241 petitions "must substantially follow the form[ ] . . . prescribed by the Court" and "must be signed under penalty of perjury by [the] petitioner[.]" S.D. FLA. L.R. 88.2(a) (cleaned up). Petitioner neither used the Court's approved form nor signed his Petition under penalty of perjury. *See generally* Pet. The Court will therefore direct the Clerk to send Petitioner a copy of the Court's form for § 2241 petitions, which Petitioner must complete and sign under penalty of perjury before his Amended Petition can proceed.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Given Petitioner's *pro se* status, the Court will afford Petitioner an opportunity to amend his Petition. Petitioner is hereby ordered to file a concise habeas petition on the proper form, which shall be due in this Court no later than **September 28, 2026**. Consistent with the purposes of FED. R. CIV. P. 8, the Amended Petition and any incorporated memorandum of law shall not exceed **twenty (20) pages** in length. Petitioner must set forth each ground for relief with sufficient supporting facts, and he is encouraged to raise only his best claims—rather than all possible claims—so that he can meet these requirements. *Cf. Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments[.]"). Title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages towards the page limitation. *See generally* S.D. FLA. L. R. 7.1(c)(2). Additionally, Petitioner should be aware that all typewritten documents, except for quoted material of fifty words or more and footnotes, shall not have less than one and one-half (1 ½) spaces between lines. Fonts may not be smaller than twelve (12) point. *See* S.D. FLA. L. R. 5.1(a)(4).

2. The Clerk is **INSTRUCTED** to send Petitioner the Court's approved form for § 2241 petitions. In amending his petition, Petitioner should completely fill out the provided form, marking it "Amended Petition," and include the case number above to ensure that it is filed in this case. The Amended Petition will be the operative pleading in this case, meaning only the claims presented in the Amended Petition will be considered by the Court, and Petitioner must refrain from incorporating by reference any prior filed pleadings or arguments. Petitioner is further advised that his Amended Petition must be timely filed, and his failure to do so will result in dismissal of his action for failure to prosecute or failure to comply with court orders. *See* FED. R.

CIV. P. 41(b). To ensure timely submission, Petitioner should provide his Amended Petition to authorities for mailing with sufficient time for the document to reach this Court before the due date referenced above.

3. Petitioner is reminded that any claims lacking sufficient factual support will be subject to dismissal, and **no further amendments will be permitted**. Moreover, Petitioner must sign his Amended Petition under penalty of perjury as instructed, and failure to commit allegations under penalty of perjury shall be viewed as an attempt to raise claims without sufficient factual support. Finally, exceeding the 20-page limit, absent prior leave of Court, may result in this Court striking the entire pleading or otherwise not considering any arguments on the ensuing pages.

4. This case shall be **administratively CLOSED**. The Court will reopen the case upon Petitioner's filing of the Amended Petition. As previously warned, failure to comply with any portion of this Order will result in the Court dismissing this action pursuant to FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in Miami, Florida, this 14th day of September, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Yunier Consuegra Aguilar
A#: 096-001-759
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE